Roland DENISON and Carol Ann Denison, Plaintiffs and Respondents,

v.

CROWN TOYOTA MOTORS, INC., a Utah Corporation, Defendant, Third-Party Plaintiff and Appellant,

v.

Alan E. ALLRED and Southwestern Insurance Group, Third-Party Defendant and Respondent.

No. 14768.

Supreme Court of Utah.

Nov. 10, 1977.

Carl J. Nemelka, Salt Lake City, for defendant, third-party plaintiff and appellant.

Richard C. Dibblee, Jay A. Moservy, P. Keith Nelson, Salt Lake City, for plaintiffs and respondents.

ELLETT, Chief Justice:

On June 10, 1974, the Denisons purchased an automobile from Crown Toyota Motors, Inc., (hereinafter called "Crown") and signed an agreement to pay for it, which agreement included $254.00 for twelve months' insurance coverage. Crown had established a course of conduct with Allred and with Southwestern Insurance Group (hereafter referred to as "Insurance Company"), whereby Crown would include the insurance premium in its contract of sale and would send a request for insurance, together with its check, to Allred who had authority to give a ten to fifteen day binding agreement with Insurance Company. During the time covered by the binding agreement, Allred would complete the application for insurance and mail it to Insurance Company for its acceptance.

Things did not go right in this case. Allred moved and filed a change of address with the post office. On July 26, 1974, the Denisons were involved in an automobile collision with an uninsured motorist. On August 21, 1974, Allred received a number of mail packages from the post office, including the request for insurance mailed by Crown, together with its check dated June 13, 1974. There is no explanation as to why the mail was held by the postal workers for such a long period of time.

Insurance Company refused to issue its policy on the wrecked car. Denisons filed suit against Crown, Allred, and Insurance Company, Crown cross-complained against Allred and Insurance Company.

Allred and Insurance Company answered the cross-complaint. They further cross-complained against each other and each replied thereto. Crown then moved for summary judgment against the Denisons, which motion was denied. Allred and Insurance Company filed motions for summary judgment against Crown's third-party complaint. The trial court granted these motions and dismissed the third-party complaint with prejudice. Crown has appealed the ruling of the trial court made on these motions for summary judgment.

The order denying Crown's motion for summary judgment against the Denisons is not a final order, and since the main case is still pending, the granting of the summary judgments in favor of the cross-defendants could be reviewed on appeal when the case is finally disposed of. If Crown wins in the main action, the cross-claim would be without merit for Crown only seeks to be reimbursed in case the Denisons prevail in the main action. If the Denisons win their action against Crown, then Crown and the cross-defendants can try out their issues and will not clutter up the principal issues involved in the original action.

The appeal by Crown from the denial of its motion for summary judgment is dismissed because it is not from a final order. Its appeal from the order granting the motions of Allred and Insurance Company is likewise dismissed without prejudice to re-new it if, and when, the Denisons recover a judgment against Crown. Costs are awarded to Denisons, Allred, and Insurance Company.

CROCKETT, MAUGHAN and WILKINS, JJ., and F. HENRI HENROID, Justice Retired, concur.

HALL, J., having disqualified himself does not participate herein.